Chancellor J. Johnston
delivered the opinion of the court.
The only point made by the appeal, relates to the rent winch accrued on the widow’s half of the lot, after the death of the husband.
The more convenient method will be to consider this moiety, as if it were a distinct parcel of land, owned entirely by the wife.
The case, then, is this : a husband grants a term out of his wife’s fee, and dies, pending the lease, having received the rent up to his death. The tenant is permitted to hold to the end of the term, and pays the residue of the rent to the h tsband’s administrate 5 who, at the same time, holds a general power from the widow to receive monies due to her.
*100 The question, is, whether the administrator can hold the residue ox rent, thus received by him, as assets of the husband, or whether it belongs to the wife.
The dominion which a husband acquires over his wife’s property, yesults .entirely from the contract between them. If they have made an express contract, lawful in its terms, that will govern. If, as was the case here, there was no express contract between them, the law raises an implied one, according to the character of the wife’s property. 7 Ves. 183. 9 Ves. 177. The implication as to her chattels real, is, that the husband may forfeit or dispose of them during her life. If he does not, they go absolutely to whichever of the two happens to survive the other. I mention this to relieve the case, at once, from the authority of Preston. He has been quoted to shew, that in the case at bar, the administrator of Atchison is entitled to the rents. But his authority is a case of the wife’s leasehold estate, and decides nothing here, whore the estate of the wife is a fee.
The implication of law, as regards lands owned by the wife in fee, is, that she has granted the husband dominion over them during the continuance of the marriage. When the marriage ceases, his control ceases with it; the wife is re-invested with all her original rights, and is not bound by any contract made by him beyond the authority, she, by marriage, conferred on him.
If the husband die, pending a lease granted by him opt of the wife’s fee, the rights incident to her fee, immediately vest in her; and she may select what mode she pleases for asserting them.
She may proceed against the lessee. He is but the assignee of the husband. And the husband having acted under a limited power, the wife may avoid his act, so far as it exceeded his authority.
In proceeding against the lessee, she may defeat the lease, altogether, for the unexpired part of the term ; or she may claim the benefit of it, In the latter case, while she avoids it as to the husband, she affirms it as to the tenant; and it. becomes, as it were, a new lease executed between the tenant and herself.
If she treats the tenant as a trespasser, she defeats the lease altogether ; and so far trom entitling herself to the rent, reserved by it, as was argued, destroys the rent by denying the tenure. The poeupant, considered as a trespasser, and not as a tenant, is liable, if he detains possession, not for rent, but for damages..
If she receives rent from him, or sues him for rent as a tenant, she, so far as he is concerned, affirms the lease ; but affirms it as-her own,
*101 It has beau argued, that the wife cannot claim the rent, as against the husband’s executor, unless she deprives the lessee of the term. The argument seems to be, that so long as the tenant is permitted to enjoy the lease, it stands as the contract of the husband, who made it, and his executor is entitled to the benefit of it. But the cases quoted by the appellants, themselves, shew that this position .cannot be maintained. They say that the wife’s receipt of rent, so far from defeating the lease, as to the tenant, confirms him in his term : and yet they say that the wife is entitled to the rent she has received.
The affirmation of the contract, as to the tenant, is no affirmation of it, as to the husband, but merely substitutes the wife in his place, as a party to it. If instead of substituting her, it is a confirmation as to the husband, and perpetuates his contract for the benefit of his executor, then the wife is accountable to him for the rents she has received. The consequence would seem to be that she is to be held bound by the contract to confirm, and at the same time deprived of the consideration of that contract. If the executor should not see fit to look to the wife for what she has received, or she should waste it, he might still insist, that inasmuch as the wife’s confirmation perpetuated the husband’s contract for the husband’s benefit, the very payment which served to confirm the lease was no .discharge to the tenant; and that he still remained liable to the executor :■ a consequence equally absurd and unjust.
In this case, Mr. Lindsay, when he received the rent, was not only Atchison’s administrator, but also the attorney for the widow. The act of receiving may be referred to either character. If we refer it to his character of attorney, it is as if the widow had, herself, demanded and received the rents from the tenant. In that case she would, as we have seen, be entitled to them, as between herself and the administrator.
Wo have stated what rights the wife roay exert as against the tenant. If she ousts him she disaffirms the contract, both as against lessor and tenant. In that case the tenant may look to the lessor’s estate for damages on the covenant. If-she claims rent from the tenant, she confirms as to him, but disaffirms as to the husband. In that case the contract between the husband and tenant is dissolved, but without laying a foundation for damages on either hand.
But the widow, here, did not oust the tenant; and it is contended . that Mr. Lindsay received the rent, as Atchison’s administrator, and not as her agent. Let us see what, on principle, must be the consequence,.
Desaussuke and CeAfts, for motion.
Petigku & Lksesne, contra.
Filed 21st March, 1837.
The wife, in the case we have just supposed, has permitted the lease to stand as between the lessor and tenant; and the tenant has, I presume rightfully, paid the rent to his landlord’s representative. I suppose the wife has lost her right as against the tenant. He was not to take notice of a claim never interposed, and being in under the husband, and never disturbed, he could neither aver against his landlord’s title, nor resist payment.
Bul 1 apprehend the wife has a good right to disaffirm the contract against either party to it. She-may do this as against the husband, although she forbore to do it against his tenant.
It must be borne in mind, that the husband acted under a power coupled with an interest, which he derived from her. Fov any act beyond his interest, be must be regarded as her agent. His representative is not entitled to hold against his principal, what he has received, by exceeding his authority, and beyond his interest.
The motion is refused.
J. JOHNSTON.
We concur,
DAVID JOHNSON,
WM. HARPER.